## CITY OF ST. LOUIS v. REUTER, Appellant.

### In Banc, October 20, 1905.

CREAM: Percentage of Fat: Police Regulation. Following the reasoning and conclusions reached in St. Louis v. Liessing, *ante*, page 464, it is *held* in this case that an ordinance of the city of St. Louis which imposes a fine upon any vendor of cream which contains less than twelve per cent butter fat, is a reasonable police regulation, and does not violate any provisions of the State or Federal Constitution.

Appeal from St. Louis Court of Criminal Correction.— *Hon. Hiram N. Moore,* Judge.

AFFIRMED.

*E. F. Stone* for appellant.

*Chas. W. Bates* and *Wm. F. Woerner* for respondent.

GANTT, J.—This is another appeal involving the constitutionality and validity of the milk ordinance of the city of St. Louis, numbered 20808. Section 19 of

said ordinance is assailed in this particular case. That section provides that "no cream shall be sold, offered for sale, exchanged, delivered or be transported for the purpose of sale, offering for sale, exchange or delivery, *that contains less than twelve per centum of butter fat* or that is taken from any impure, diseased, unhealthy, unclean, adulterated or unwholesome milk, or milk to which any foreign or other substance of any kind has been added." The evidence developed that a deputy milk inspector of the city took a sample of cream from defendant's milk wagon on the 13th of July, 1904, at Tenth and Lafayette avenue, sealed it, and delivered it to the city chemist, and that the city chemist analyzed the same gravimetrically and found it to contain ten per cent of butter fat only. No evidence contradicting the city's case was offered by defendant.

The only difference between this case and that of St. Louis v. Liessing already considered and affirmed and reported at page 464, is that in this case the 19th section of ordinance No. 20808, which provides that no *cream* shall be sold, carried or exposed for sale which contains less than *twelve per cent of butter fat,* while in that case, section 18 of the same ordinance was challenged which provides that no *milk* should be sold, etc., unless it shows on analysis not less than three per cent by weight of butter fat, eighty-five per cent solids not fat, and seventh-tenths of one per cent ash. The two cases involve the same principles of law, to-wit, the dignity of the ordinance as a law; its validity as the exercise of the police power under the authority conferred by the charter; its constitutionality with reference to the State and Federal Constitution; the *right to establish a standard of purity of milk and cream;* its binding effect upon the courts; the validity of the ordinance as affected by the contention that it is inconsistent with a prior unrepealed ordinance; the validity of parts of an ordinance if other parts are invalid, if severable; the

validity of ordinance No. 20808 as against the charge of defective title and the claim that it is based upon a prior void ordinance, all of which were ruled adversely to defendant's contention in Liessing's case. Adhering to the views expressed in that case, the judgment must be and is affirmed.

*Brace, C. J., Marshall, Burgess, Valliant, Fox* and *Lamm, JJ.,* concur.